### In re PUBLICATION PAPER ANTITRUST LITIGATION

#### No. MDL 1631.

Judicial Panel on Multidistrict Litigation.

Nov. 12, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the three actions in the District of Connecti-cut, two actions in the Southern District of Illinois and one action each in the North-ern District of California, the District of Minnesota, the Western District of Wash-ington, and the Eastern District of Wis-consin as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiff in one District of Connecticut action for coor-dinated or consolidated pretrial proceed-ings of the actions in that district. All responding defendants [2] and nearly all re-sponding plaintiffs now support the motion for transfer to the District of Connecticut. Initially, plaintiff in the Western District of Washington action and plaintiff in the Eastern District of Wisconsin action each moved for centralization in the district in which its action is pending. Plaintiff in the Western District of Washington action subsequently withdrew its motion and add-ed its support to the motion for transfer to the District of Connecticut. Plaintiff in the Eastern District of Wisconsin action first offered the District of Connecticut as an alternative choice for transferee forum, but, at oral argument, also supported the motion for transfer to the District of Con-necticut. Plaintiffs in the two Southern District of Illinois actions agree that trans-fer is warranted, but propose the Southern District of Illinois as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these nine actions involve common ques-

---

1. The parties have notified the Panel of fifteen related actions pending as follows: eight ac-tions in the District of Connecticut; two ac-tions each in the Northern District of Illinois and the District of New Jersey; and one ac-tion each in the District of Massachusetts, the Northern District of Ohio and the Eastern District of Pennsylvania. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Responding defendants are International Paper Company; MeadWestvaco Corporation; Norske Skog North America, LLC; Norske Skog (USA), Inc.; Norske Skog Canada Lim-ited; Norske Skog Canada (USA), Inc.; Stora Enso North America Corporation; M-real USA Corporation; Madison International Sales Company; Bowater, Inc.; and S.D. Warren Company.

tions of fact, and that centralization under Section 1407 in the District of Connecticut will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share allegations that the defendants and their co-conspirators engaged in a continuing contract, combination or conspiracy in restraint of trade to artificially raise, fix, maintain or stabilize prices for publication paper in violation of federal antitrust laws. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the District of Connecticut is an appropriate transferee forum for this docket. We note that the District of Connecticut has 1) the largest number of pending actions; 2) the support of plaintiffs in nearly all actions and potential tag-along actions pending in this district and elsewhere; 3) the endorsement of all responding defendants; 4) a strong nexus to the litigation with the presence of many defendants, including the largest domestic defendant, in the state; and 5) the resources that this complex antitrust docket is likely to require. We also observe that this district is a geographically convenient location, given the location of principal defendants and potential defendants and witnesses in the eastern part of the United States and in Europe.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Connecticut are transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Stefan R. Underhill for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

*MDL–1631—In re Publication Paper Antitrust Litigation*

*Northern District of California*

*T & W Printing, Inc. v. International Paper Co., et al.,* C.A. No. 4:04–2428

*District of Connecticut*

*Charles J. Gardella, Jr., etc. v. International Paper Co., et al.,* C.A. No. 3:04–935

*Larry Weiss, etc. v. International Paper Co., et al.,* C.A. No. 3:04–974

*Acorn/Parliament Paper Inc. v. International Paper Co., et al.,* C.A. No. 3:04–1077

*Southern District of Illinois*

*Nies Artcraft Co., Inc. v. International Paper Co., et al.,* C.A. No. 3:04–455

*Three Z Printing Co. v. International Paper Co., et al.,* C.A. No. 3:04–4110

*District of Minnesota*

*Newtown Business Forms Corp. v. International Paper Co.,* C.A. No. 0:04–3035

*Western District of Washington*

*MMP BALA, Inc. v. International Paper Co., et al.,* C.A. No. 2:04–1496

*Eastern District of Wisconsin*

*Austin Printing Co., Inc. v. International Paper Co., et al.,* C.A. No. 2:04–668